UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. HEATH,

    Petitioner,                    Civil No. 2:06-CV-13416
                                    HONORABLE MARIANNE O. BATTANI
v.                                UNITED STATES DISTRICT JUDGE

MICHIGAN PAROLE BOARD, et. al.

    Respondents,
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

Mark A. Heath, ("Petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges the Michigan Parole Board's refusal to consider granting him parole. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

### I. Background

Petitioner does not clearly specify the offenses that he was convicted of. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which the Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted of delivery or manufacture of less than 50 grams of

1

cocaine in the Montcalm County Circuit Court and was sentenced on June 30, 1989 to three to twenty years in prison.  On May 14, 1993, petitioner was sentenced to two to five years in prison out of the same court for assault with intent to commit second-degree criminal sexual conduct.  Petitioner claims that he was wrongly denied release on parole by the Michigan Parole Board on January 13, 2005.

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I.  Petitioner was denied the due process and the equal protection of law, when respondents did not treat petitioner as other similarly situated individuals, in violation of petitioner's U.S. Constitutional Amendment V & XIV.
>
> II.  Petitioner was denied as a member of "class of one", where respondents have intentionally treated petitioner differently from other similarly situated persons with no rational basis for the difference, deliberately motivated by respondents' invidious discrimination animus toward petitioner, due to respondents' spiteful efforts to get petitioner by denying petitioner [the] equal protection of law for reasons wholly unrelated to any legitimate state objective, in violation of petitioner's U.S. Constitutional Amendment XIV.
>
> III.  Petitioner was denied the fair decision, treatment by respondents, also denying petitioner's rights as other similarly situated persons, when respondents had intentionally abused their discretion through respondents' agents' acts of arbitrary and capricious reasons, by not granting parole to petitioner in repeated retaliation violations for reasons of petitioner's choosing to exercise his protected rights in violation of petitioner's due process and equal protection of law. U.S. Constitutional Amendment V & XIV.

## II.  Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's parole claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

As an initial matter, petitioner acknowledges that he has yet to present his claim to the Michigan courts.  However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, petitioner's failure to exhaust his parole denial claim with the state courts is excusable. *See Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005).

There is no constitutional right of a convicted person to be conditionally

released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987).  Stated more succinctly, there is no federal constitutional right to be paroled. *See Jackson,* 411 F. 3d at 619; *See also Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

In Michigan, a prisoner's release on parole is discretionary with the parole board. *Lee*, 76 F. Supp. 2d at 792 (citing to *In Re Parole of Johnson*, 235 Mich. App. 21; 596 N. W. 2d 202, 204 (1999)).  The Michigan parole statute therefore does not create a right to be paroled. *Id.; See also Hurst v. Department of Corrections Parole Bd.*, 119 Mich. App. 25, 29; 325 N.W. 2d 615 (1982). Because the Michigan Parole Board has the discretion whether to grant parole, a prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence. *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994); *Hurst,* 119 Mich. App. at 28.  M.C.L.A. 791.233, Michigan's parole statute, does not create a protected liberty interest in parole, because the statute does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004).  Petitioner therefore does not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings. *Id.* (quoting *Sharp v. Leonard*, 611 F. 2d 136, 137 (6th Cir. 1979)).

Therefore, where a prisoner has no state created liberty interest in being paroled, he or she may not challenge the procedures used to deny him or her parole. *Johnson,* 314 F. Supp. 2d at 713. Because petitioner had no protected liberty interest in parole, he has no right to expect the parole board to follow state procedural rules as a matter of federal due process. *Id.*

Petitioner further alleges that he has been denied parole in violation of his right to equal protection. In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment, a claimant must allege that a state actor intentionally discriminated against him or her because of membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F. 2d 332, 341 (6th Cir. 1990). Prisoners are not a suspect class for purposes of equal protection litigation. *See Jackson,* 411 F. 3d at 619; *Perez,* 157 F. Supp. 2d at 795. Petitioner's equal protection claim fails, in part, because he has failed to allege any facts which show that the Michigan Parole Board denied him parole on the basis of his membership in a protected class, such as race, religion, or nationality. *See Carnes v. Engler,* 76 Fed. Appx. 79, 81 (6th Cir. 2003).

This Court is aware that a claimant can also assert an equal protection claim brought under a theory that she is a "class of one", where that person alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

5

In the present case, petitioner has given the names of a number of prisoners whom he claims were given parole, but has failed to provide any information about the offenses that they were in prison for, their prior criminal record, or their conduct while incarcerated. Conclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *Perez,* 157 F. Supp. 2d at 795. Petitioner has failed to allege any facts which show that he received disparate treatment at the hands of the parole board as compared with a similarly situated prisoner. *See Reffitt v. Nixon,* 917 F. Supp. 409, 414 (E.D. Va. 1996). Petitioner's equal protection claim particularly fails because he has offered no proof that these inmates who had been granted parole were similarly situated to him in all respects that are material to the parole assessment. *See Linger v. Akram,* 23 Fed. Appx. 248, 252, n. 5 (6th Cir. 2001). In light of the number of factors that a parole board must consider in determining whether to grant a prisoner parole release, a habeas petitioner's bare assertion that his parole application was rejected while similarly situated prisoners were granted parole is insufficient to state a claim, based upon a "class of one" theory, upon which habeas relief can be granted. See *Davis v. Thomas,* 269 F. Supp. 2d 335, 337 (S.D.N.Y. 2003); *Manley v. Thomas,* 265 F. Supp. 2d 363, 366 (S.D.N.Y. 2003).

Petitioner's related claim that the parole board's decision to deny him parole was retaliatory is without merit, because petitioner has offered no evidence

6

that the parole board's decision to deny him parole was based on their intent to retaliate against petitioner for his exercise of a constitutional right, as opposed to being based on the facts of his crime. *See Bell v. Ohio Adult Parole Authority,* 23 Fed. Appx. 478, 479 (6th Cir. 2001).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of

the denial of a federal constitutional right. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).  Because petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.,* 163 F. 3d 1025, 1025-1027 (7th Cir. 1998).  The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Dell,* 194 F. Supp. 2d at 659,

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
UNITED STATES DISTRICT JUDGE

DATED:     August 14, 2006